United States Department of Veterans Affairsituat $92,614.00 $945,000.00 Home Depot, the United States. May it please the Court, this case involves the classification of Home Depot ceiling and lighting fixtures. The parties are in agreement as to the heading under the Harmonized System Act, 9405, lighting fixtures, including ceiling and wall fixtures. The dispute came about in the 8-digit classification. It was customs liquidated the lighting fixtures under 9405, 1060, ceiling and wall lighting fixtures of base metals other than brass. Home Depot's argument was that the 8-digit subheading should be other, not of base metal, not of metal. If I'm reading the government's position, so tell me if I'm wrong. The trial should have lasted two minutes because the parties were stipulated that they all use metals with some metal fitting. And the opinion would have been one sentence, which says because they all use the one element, that they all use metal in the fittings, therefore they come under this classification. Is that the way this case should have gone? I'm in agreement that it would be a much simplified trial with a much simplified opinion. The error is the trial court's essential character analysis in that it did not focus on what is indispensable to the core structure or condition of the article and what these articles are, are lighting fixtures. But the district court does make a very clear analysis of metal versus glass and comes up in one example after another with the glass surface area being 92%, the glass weight being 56% of the total, and the metal being far less. Why isn't that an essential character analysis of great weight showing that the glass was more important than the metal? Well, the case law shows that the, and there really wasn't a consideration for the indispensable nature of the metal structure. Yes, there are the explanatory words talk about weight and surface area and role, but the case law shows the indispensable nature is the focus of the essential character analysis. Can I ask you about that one point, because what am I missing? I read better poems with a sentence in there from our court saying the court's decision, according to the court of international trade, did not rely solely or even hinge on the indispensability of the water retaining function. And then it goes on to sort of say, therefore we see no error. So I read that as our court having rejected or at least frowned upon an indispensability analysis. Well, the better poems with plastics appellate decision says it's not error for the lower court to focus on or the lower court to look at the indispensable nature. In that case, it was the plastic sheeting that withheld. No, but what our court characterized it as saying that the court of international trade in that case did not rely solely or even hinge on the indispensability. So our, as I read this, so tell me how you read it, is that we were saying what they did was okay because they did not rely solely or even hinge on the indispensability. Well, in this case, in the case that we're presently here on the Home Depot case, there is no discussion or consideration on the indispensable nature of the metal structure here. So you don't even have a proper consideration of the indispensable nature along with other things. So what's the government's position on indispensability? Is that the beginning and the end? Is that the main criteria, the only criteria we should look at? The government's position is that it is important and a focus of the essential character analysis. If you look at the CIT's cases- Can we, can the CIT, can we, should we say that you rely solely on indispensability? It's not a sole reliance, it's an important factor in the essential character analysis. The CIT case is the 2005 Conair case dealing with serenity ponds in which it's a, what the product is, is a waterfall, a desktop waterfall device that's, the water is moved by a pump that's within the serenity pond structure itself. And there's numerous serenity, there's seven serenity ponds that were at issue in that case. And it was the government's position in that case that it was the decorative serenity ponds which made the essential character of those particular products. What the court found that, and it focused on was the indispensable nature of the pump that's inside the serenity ponds, the pump that actually moves the water and creates the serene environment that was the function of that product. So the court had a focus and found it important that the structure, the sole or the indispensable core or structure of that product was the pump. And that's like our case here in which now the government is following that case law, saying they're looking to the core structure of the products at issue here and the lighting fixtures. In this case, the lighting fixtures, their use, their function is to illuminate a space and in the record, the witnesses for Home Depot agreed that you first buy lighting structures to illuminate a space. Other than that, it's decorative and whatnot. But if we are looking at the lighting fixtures, every lighting fixture has a metal, right? Not every lighting fixture has a metal. There are some lighting fixtures that have a ceramic base structure. There are some lighting fixtures that have a plastic. But they still have some metal? There's some metal, but it's not the base structure of what it is. Our argument is that the metal, which is the core structural element, it is what attaches the wall or ceiling fixtures to the wall or ceiling. It's what holds the lighting sockets in place. It's what holds the wiring in place. It's decorative in and of itself to a certain extent. And it holds the various glass globe fixtures. It was talked about as being indispensable because you can take away the various glass globes and still it is what it is. It's a lighting fixture. And that's why when we look to the case laws, better home plastics, we look to structural industries case, we look to the Conair case. We look to the previous appellate court, Canadian Vinyl case. And that case specifically mentions indispensable factor as being a criteria and an essential character. And I know that that case deals with the former tariff provisions. But the case law says that we can look to or the courts can look to the former tariff provisions in order to find out essential character. Because essential character is defined by case law and is defined also by explanatory notes. So that is the legal error that brought us here today. It's the legal error in the trial court not having a focus, not considering what our position is, is that the essential character of these lighting fixtures is the metal components of the lighting fixtures. Because essential character is necessarily indispensability, it's one and the same. Because essential character has to consider indispensability as an important factor, what's the test? The test is that the indispensable factor that goes to the poor structural condition is an important element in the essential character analysis. But not necessarily dispositive in any way, shape, or form. Well, the recent cases find that the indispensable factor happens to be also the essential character. But my question was not necessarily. I mean, in better homes, certainly the court suggested that the more expensive shower curtains would necessarily be covered. They too would have had that indispensable water-resistant function. Well, in better homes, like here, you're dealing with lower quality or lower price-wise products. In this case, what we're dealing with is more inexpensive lighting fixtures. The record shows that the lighting fixtures that we're dealing with are in the $10 to $20 range. The trial court found that it was the indispensable nature of that plastic shower curtain that provided for the essential character. The appellate court did not find error in the trial court's finding. It makes it an important factor. In the following cases, structural industries looked to the indispensable nature of the Masonite backer to a picture frame. The court looked in structural industries to what does a picture frame do? Why do you have a picture frame? It's to display a picture. In that particular case, it was something called a Euro clip picture frame, where you have the glass. You have your picture in the center of it in a Masonite backing with clips on either arm and all the edges. This is all familiar case law, but it isn't addressing this case. We have two competitors here for essential characteristic. We have glass and we have metal. They're both important. They're both indispensable. They both fit every criteria that you've given us. The trial court chose glass as more indispensable, more essential, more important. What's wrong with that? There are two competitors here. None of this, the other case law, seems to fit that fact pattern and address this case situation. Well, there's nothing in the record that shows that the glass is the indispensable quality of these lighting fixtures. It's the metal that's the indispensable quality of the lighting fixtures. You can have that lighting fixture, if you broke the glass. It protects, it softens, it's performing all the important functions, all the essential functions of a lighting fixture. I believe the record reflects that what you buy a lighting for is first to illuminate the space. The thing that makes it, that allows for the illuminating of the space is the metal structural components. If you take away the glass, you still have an object that provides the function of illuminating the space. A bare light bulb, that wouldn't be a light fixture at all. It would be a bare light bulb. A light fixture is something which is, in addition to supplying illumination, is supplying protection for the light bulb, softening of the light, and everything else that goes into light fixtures of decorative character, which is what we're looking at here, chandeliers. That's our category. As in the Conair case, the pump provides for the movement of water, provides for the essential character of that product, the soothing, waterfall nature. It's the metallic structure of the lighting fixture that allow for the thinning of light bulbs, provides for the light bulbs. But this isn't a category of light bulbs. It's a category of chandeliers and other electric ceiling and wall lighting fittings. We're talking about fittings and chandeliers here. Now we're back to the glass and the metal are both contributing to those fittings, those chandeliers. I don't think you could have a chandelier without glass. The light isn't in that circumstance. It's the two competing characteristics of the district. Well, we're not dealing with chandeliers in this case, and I understand that. But that's the overarching category that we're going from there down to of base metal, of brass, other, or just plain other. The indispensable nature, the court did not address the indispensable nature in its opinion at all. The court looked at other functions but didn't consider, didn't talk or analyze the indispensable nature. The record itself, the witnesses talked about the indispensable nature of the various components. And there is in the record a discussion of the metal fitting being the indispensable function for its various reasons. And that was not discussed, and that's the legal error that brings us here today in not considering that indispensable nature. If you're willing to rebuttal, do you want to make a question? Yes. We need help. May it please the court, my name is Chris Dove for the Home Depot. I would like to begin, if I may, by jumping right to what my colleague, Mr. Kenny, was saying. The court did consider indispensability. Its opinion, quite plainly, goes on to talk about the fact that there are two essential qualities of a decorative light fixture. It must produce light and it must decorate the home. Both of them are critical to consumers. Neither of them are something that the consumer is willing to give up. But the evidence showed that consumers require more decoration than they do of illumination. The expert witness testified that a customer will buy a fixture that provides insufficient light simply because he or she likes the way it looks. That a customer will replace a fixture whose decoration has been broken more quickly than it will replace a fixture that ceases to produce light. Home Depot's own experience proved the same thing. Home Depot must provide a wide variety of decorative fixtures all at the same price point. When they try to reduce these to a limited number, the very most popular items, customers stop buying them. They demand that kind of choice. Customs, in its original ruling, found that these fixtures, whether they be globes or acorns or drums or mushrooms or any of the other names for them, were all simply utilitarian. They weren't decorative enough. What we showed was that the customers demand those variations, that they consider it very important that it look like a mushroom instead of a globe. That's what the record shows. But you're not suggesting that customers buy these and they never put a light bulb in, and then it would be some other device. I'm sure there are fixtures that cannot be lights or lamps, but that have some sort of decorative appeal, but that's not what we're talking about here, correct? I agree completely, Your Honor. What Home Depot has always advanced is an argument that you look to the evidence. The case law shows that essential character is a very broad and fact-intensive question. There are a number of factors that get considered, and everything goes into the pot. You consider things like the fact that people want them to put out light, and we've always said that you should. However, what Customs has done is take all of the other elements out of the pot, and the fact is that customers demand that these things that produce light also produce decoration, which is why the CIT acted very properly by going item by item, looking at each of them and saying, well, this one has this decorative effect. We see that this decorative effect comes from the glass rather than the metal, and so in this instance we're going to find that the glass should be something we lean towards. This is the way that the law is supposed to work. As you have noticed, Judge Gross, in Better Home Plastics 2, this court rejected the notion that there should be a monolithic indispensability test, and Customs has conceded that here, as it has all along. It's not a matter of law of point. It's not the same thing. It's something to be considered. Well, the CIT did consider it. It did take it into effect, into account, along with all of the other functions. Some were given more weight. Some were given less, based on the evidence before the court. The evidence did not solely show that customers demand a light. Rather, to the contrary, Home Depot sells a wide variety of things that might technically be called fixtures because they are affixed to a wall and provide a place to put a pole, but customers do not buy them for the same purpose. They will not accept them as a decorative light fixture. They're the sort of thing you put in a cellar or a workroom because they are so unattractive, frankly. That's what the evidence showed in structural industries, which Customs likes to rely on. The evidence showed that there was a piece of glass and a piece of masonite in this picture frame. In that circumstance, the court looked and said, Well, I believe that the masonite is more important. But what's important is this court had already ruled that in that case you could not grant summary judgment as to essential character. It was too difficult. You had to hear evidence as to whether the glass or the masonite was more important. And furthermore said, if there were a decorative frame around the outside, that might throw the whole thing into a different analysis. It was a very specific case. Customs likes to rely on it because it is the closest thing they can find to something that looks like pure structure. But even that case was decided under the standard principles. Everything goes in the pool. You consider it all. And when you're done, you determine what seems to give it its essential character. What's very interesting about this case is that Customs wants to emphasize indispensability because it is lost in the CIT, because the CIT chose to emphasize Home Depot's evidence. This hasn't always been their position. In the original Customs rulings, Customs went item by item through all of the goods and decided that some of them were decorative enough. Some of them had glass globes that were ornate enough. They acknowledged that they'd issued rulings in which they say a Tiffany lamp would be made of glass, that, for instance, what was called a peach blossom shade was decorative enough. However, they found that these other things weren't decorative enough, and therefore the structure should take hold. That's just Customs wanting to take over for the court's job of determining the facts. So your view is that as long as the Court of International Trade considers all of the factors, including indispensability, then we have to defer. There's the deferential standard of law. Yes, Your Honor. That is well-established case law from this court. It's been applied many times in the Court of International Trade. What's very telling here is that it's well-established in those circumstances that when you're looking at the question of which category the CIT put something into, you apply the clear error standard of review. Customs has not even bothered to brief clear error because, frankly, it's such a hard standard to overcome. All they can do is rely on these false matter-of-law ideas, urging this court to, for the first time, try to come up with new broad rules that would allow them to do this. But not only does that define the case law, it essentially rewrites the headings themselves. It puts structure or skeleton or indispensable skeleton into the heading of the tariff where it doesn't exist now. Instead, as Judge Rader pointed out, it contains the word chandeliers. The evidence at trial showed that chandeliers don't even serve a very good illuminative purpose. That if you're going to install a chandelier in a room, you have to add other lights if you want it to be adequately lit. You light up a chandelier solely to make it look more decorative. Well, that's the heading we're applying here. It seems absolutely the opposite of what they're trying to contend about this one monolithic rule. The other point that they made in their brief, if I may move to it very quickly, which they have not brought up today, is the argument that one must consider only a kind of goods rather than a model of goods. Well, they didn't bring it up. Let's not get into it. Well, very good, Judge. It is in the brief. Quite frankly, Your Honor, then if the court has no further questions, I will yield the rest of my time. Okay. Thank you. David? What Home Depot has stated is that the lower court's opinion did go into the indispensable quality, and I think that's what the government's alleging is the error here. They didn't discuss and analyze the indispensable nature of the metal structure or anything else for that matter in doing the essential character analysis. And that's important to Customs because Customs, in doing the essential character analysis, is in a quandary of how to do this. They've looked to the decorative aspects of essential character in better home plastics. They were arguing that it's the textile outer curtain, the decorative textile outer curtain, that's an important factor in the essential character analysis. They were arguing that in Conair it was the decorative cons, the surface area, not the weight of all that. But those cases focused on the indispensable function of the pump in Conair, the indispensable function of the plastic sheeting. And to make it workable for Customs, to make it a workable test of essential character, the case law shows that there's a focus on the indispensable nature, and that's what wasn't discussed in the opinion below. Thank you. Thank you.